# EXHIBIT 1

2 05 pm

**SUMMONS**
*(CITACION JUDICIAL)*

SUM-100

**NOTICE TO DEFENDANT:** WALMART, INC., a Delaware Corporation; and
*(AVISO AL DEMANDADO):* DOES 1-50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:** SOFIA MAYNEZ, an individual, on
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* behalf of herself and all others similarly situated,

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**CONFORMED COPY
ORIGINAL FILED**
Superior Court of California
County of Los Angeles

**OCT 16 2019**

Sherri R. Carter, Executive Officer/Clerk of Court

By: Isaac Lovo, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of Los Angeles
111 North Hill Street
Los Angeles, California 90012

CASE NUMBER
*(Número del caso):* **19STCV36866**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Michael Louis Kelly
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
KIRTLAND & PACKARD LLP
1638 South Pacific Coast Highway, Redondo Beach, CA 90277          310.536.1000

DATE:              **OCT 16 2019**          SHERRI R. CARTER          Clerk, by ____Isaac Lovo____ , Deputy
*(Fecha)*                                                            *(Secretario)*                      *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Walmart, Inc., a Delaware Corporation

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Michael Louis Kelly| Joshua A. Fields    SBN: 82063 | 242938
KIRTLAND & PACKARD LLP
1638 South Pacific Coast Highway, Redondo Beach, CA 90277
TELEPHONE NO.: 310.536.1000    FAX NO.: 310.536.1001
ATTORNEY FOR *(Name):* Plaintiff Sofia Maynez

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME: SOFIA MAYNEZ v. WALMART, INC., et al.

**FOR COURT USE ONLY**

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

OCT 16 2019

Sherri R. Carter, Executive Officer/Clerk of Court
By: Isaac Lovo, Deputy

CASE NUMBER: **19STCV36866**

| CIVIL CASE COVER SHEET | Complex Case Designation | JUDGE: |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) / [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[X] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action (specify): Three
5. This case [X] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: October 15, 2019
Joshua A. Fields
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**By Fax**

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

CM-010

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
　Asbestos Property Damage
　Asbestos Personal Injury/
　　Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
　Medical Malpractice–
　　Physicians & Surgeons
　Other Professional Health Care
　　Malpractice
Other PI/PD/WD (23)
　Premises Liability (e.g., slip
　　and fall)
　Intentional Bodily Injury/PD/WD
　　(e.g., assault, vandalism)
　Intentional Infliction of
　　Emotional Distress
　Negligent Infliction of
　　Emotional Distress
　Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
　Practice (07)
Civil Rights (e.g., discrimination,
　false arrest) (*not civil
　harassment*) (08)
Defamation (e.g., slander, libel)
　(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
　Legal Malpractice
　Other Professional Malpractice
　　(*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
　Breach of Rental/Lease
　　Contract (*not unlawful detainer
　　or wrongful eviction*)
　Contract/Warranty Breach–Seller
　　Plaintiff (*not fraud or negligence*)
　Negligent Breach of Contract/
　　Warranty
　Other Breach of Contract/Warranty
Collections (e.g., money owed, open
　book accounts) (09)
　Collection Case–Seller Plaintiff
　Other Promissory Note/Collections
　　Case
Insurance Coverage (*not provisionally
　complex*) (18)
　Auto Subrogation
　Other Coverage
Other Contract (37)
　Contractual Fraud
　Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
　Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
　Writ of Possession of Real Property
　Mortgage Foreclosure
　Quiet Title
　Other Real Property (*not eminent
　domain, landlord/tenant, or
　foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal
　drugs, check this item; otherwise,
　report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
　Writ–Administrative Mandamus
　Writ–Mandamus on Limited Court
　　Case Matter
　Writ–Other Limited Court Case
　　Review
Other Judicial Review (39)
　Review of Health Officer Order
　Notice of Appeal–Labor
　　Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
　(*arising from provisionally complex
　case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
　Abstract of Judgment (Out of
　　County)
　Confession of Judgment (*non-
　　domestic relations*)
　Sister State Judgment
　Administrative Agency Award
　　(*not unpaid taxes*)
　Petition/Certification of Entry of
　　Judgment on Unpaid Taxes
　Other Enforcement of Judgment

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified
　above*) (42)
　Declaratory Relief Only
　Injunctive Relief Only (*non-
　　harassment*)
　Mechanics Lien
　Other Commercial Complaint
　　Case (*non-tort/non-complex*)
　Other Civil Complaint
　　(*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate
　Governance (21)
Other Petition (*not specified
　above*) (43)
　Civil Harassment
　Workplace Violence
　Elder/Dependent Adult
　　Abuse
　Election Contest
　Petition for Name Change
　Petition for Relief From Late
　　Claim
　Other Civil Petition

| SHORT TITLE: MAYNEZ v. WALMART, INC. et al. | CASE NUMBER: 19STCV36866 |

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|
| 1. Class actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in central district. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Mandatory personal injury filing in North District. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury). |
| 6. Location of property or permanently garaged vehicle. | |



By Fax

| A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|
| **Auto Tort** Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death - Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** Asbestos (04) | ☐ A6070 Asbestos Property Damage | 1, 11 |
| | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | ☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11 |
| Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | ☐ A7270 Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

| LASC CIV 109 Rev. 12/18 For Mandatory Use | CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION | Local Rule 2.3 Page 1 of 4 |

| SHORT TITLE: MAYNEZ v. WALMART, INC., et al. | | CASE NUMBER |
|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/Wrongful Death Tort** | Business Tort (07) | ☑ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3<br>1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1, 2, 3<br>10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2, 5<br>2, 5<br>1, 2, 5<br>1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case<br>☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11<br>5, 11<br>5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 5<br>1, 2, 3, 5<br>1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6<br>2, 6<br>2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE MAYNEZ v. WALMART, INC., et al. | | CASE NUMBER | |

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ / Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

| LASC CIV 109 Rev. 12/18 For Mandatory Use | CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION | Local Rule 2.3 Page 3 of 4 |

| SHORT TITLE: MAYNEZ v. WALMART, INC., et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: ☒ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS: |
|---|---|

| CITY: San Pedro | STATE: CA | ZIP CODE: 90731 | |
|---|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the Stanley Mosk – Central District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: October 15, 2019

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).
5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

Page 015

Michael Louis Kelly, State Bar No. 82063
mlk@kirtlandpackard.com
Behram V. Parekh, State Bar No. 180361
bvp@kirtlandpackard.com
Joshua A. Fields, State Bar No. 242938
jf@kirtlandpackard.com
KIRTLAND & PACKARD LLP
1638 South Pacific Coast Highway
Redondo Beach, California 90277
Tel: (310) 536-1000 / Fax: (310) 536-1001

*Counsel for Plaintiff Sofia Maynez*
*and all others similarly situated*

**FILED**
Superior Court of California
County of Los Angeles

**OCT 16 2019**

Sherri R. Carter, Executive Officer/Clerk of Court
By_____ Deputy
Isaac Lova

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| SOFIA MAYNEZ, an individual, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WALMART, INC., a Delaware Corporation; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. **19STCV36866**<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR:**<br><br>1. **Violation of California's Unfair Competition Law ("UCL"); Bus. & Prof. Code § 17200** *et seq.*<br>2. **Violation of California's Consumer Legal Remedies Act ("CLRA"); Cal. Civil Code §1750** *et seq.*<br>3. **Violation of California's False Advertising Law ("FAL"), Bus & Prof. Code § 17500** *et seq.*<br><br>**JURY TRIAL DEMANDED** |

1

CLASS ACTION COMPLAINT

1   Plaintiff SOFIA MAYNEZ ("Plaintiff"), on behalf of herself and all others similarly situated,
2   alleges as follows:

3   **THE PARTIES**

4   1.   Plaintiff, at all relevant times herein, was and is a citizen and resident of Los Angeles
5   County, California.  On May 7, 2019, Plaintiff used the e-commerce app of WALMART, INC.
6   ("WALMART" or "Defendant") on her mobile phone to search for price and availability of baby items
7   she needed at WALMART's various stores in her geographic area.  When Plaintiff searched on the
8   WALMART app, she found a 586 count box of Huggies Simply Clean Baby Wipes ("Huggies
9   Wipes") listed for $5.44 and an 84 count box of Pull-Ups Girls' Learning Designs Training Pants
10  ("Huggies Pull Ups") listed for $8.97, both available in Aisle 22 at the WALMART store at 22015
11  Hawthorne Blvd. in Torrance, California, according to the WALMART app.  However, upon her
12  arrival at Aisle 22, after traveling to the Walmart store to purchase the items listed, Plaintiff was
13  shocked to learn the prices at the WALMART store were substantially higher than what was listed on
14  the search results in the WALMART app.  The 586 count Huggies Wipes were being sold for $12.54,
15  more than double the price for that specific product advertised on the WALMART app, and the 84
16  count Huggies Pull Ups were being sold for $31.84, more than three times the $8.97 price listed on the
17  WALMART app Plaintiff had used.

18  2.   Plaintiff is informed and believes, and upon such information and belief alleges, that
19  defendant WALMART, INC. is a Delaware Corporation with its principal place of business in
20  Bentonville, Arkansas.  WALMART is registered to do business in California and operates in Los
21  Angeles County.  WALMART is a multinational corporation that operates a chain of hypermarkets,
22  discount department stores, grocery store chains, and e-commerce websites, selling goods to
23  consumers throughout the country.

24  3.   Plaintiff does not know the true names or capacities of the persons or entities sued
25  herein as DOES 1-50, inclusive, and therefore sues such Defendants by such fictitious names. Plaintiff
26  is informed and believes, and upon such information and belief alleges, that each of the DOE
27  Defendants is in some manner legally responsible for the damages suffered by Plaintiff and the
28  members of the Class as alleged herein. Plaintiff will amend this Complaint to set forth the true names

2

1 and capacities of these Defendants when they have been ascertained, along with appropriate charging

2 allegations, as may be necessary.

3     4.     At all times herein mentioned, Defendants, and each of them, were the agents,

4 principals, servants, employees, and subsidiaries of each of the remaining Defendants, and were at all

5 times acting within the purpose and scope of such agency, service, and employment, and directed,

6 consented, ratified, permitted, encouraged, and approved the acts of each remaining Defendant.

7                              **JURISDICTION AND VENUE**

8     5.     This Court has jurisdiction over all causes of action asserted herein under the California

9 Constitution.

10    6.     Venue is proper in this County pursuant to California *Civil Code* § 1780(d) because

11 Defendant does business here.

12    7.     Venue is proper in this District pursuant to Los Angeles County Superior Court Rule

13 2.3(a)(1)(A) because this is a class action.

14                              **FACTUAL ALLEGATIONS**

15    8.     This action arises out of WALMART's practice of advertising lower prices for certain

16 items on its WALMART app, but actually charging higher prices for the same items at the very store

17 listed in the app for sale of such items.

18    9.     On May 7, 2019, Plaintiff decided to search on Defendant's e-commerce app on her

19 mobile phone for price and availability of baby items she needed at WALMART's various stores in her

20 geographic area.  Specifically, Plaintiff was looking for two types of items for her young daughter

21 when she accessed the WALMART app on her mobile phone: Pull-Ups Girls' Learning Designs

22 Training Pants by Huggies Brand, and Huggies Wipes.

23    10.    Upon accessing WALMART's e-commerce app, which showed the WALMART store

24 at 22015 Hawthorne Blvd., in Torrance, California as her local store, Plaintiff searched for and

25 accessed these products she was looking to buy.

26    11.    In the list of results for her searches, a picture of a box of Huggies Simply Clean Wipes,

27 which Plaintiff was looking to purchase, appeared.  The box indicated it was a 576 count box, meaning

28 576 baby wipes were contained in the box.  The product name, "Huggies Simply Clean Baby Wipes,"

1   also appeared, with the specifying terms "Unscented, 9 packs of 64 (586 ct.)."  The price listed for the

2   Huggies Wipes was $5.44 ($0.01 ea) and the search result indicated the item pictured and listed was

3   "In stock," and available in Aisle 22.

4        12.   Similarly, when Plaintiff searched for Pull-Ups Girls' Learning Designs Training Pants,

5   a picture of a box of Huggies Pull-Ups Learning Designs Training Pants, which Plaintiff was looking

6   to purchase, appeared.  The box indicated it was an 84 count box, meaning 84 pull-up pants were

7   contained in the box.  The product name, "Pull-Ups Girls' Learning Designs Training Pants," also

8   appeared.  The price listed for the Huggies Pull-Ups was $8.97 ($0.11 ea) and the search result

9   indicated the item pictured and listed was "in stock," and available in Aisle 22.

10        13.   To purchase the products she had found online, at the prices advertised, Plaintiff

11   traveled to the WALMART store located at 22015 Hawthorne Blvd. in Torrance, California.  Upon her

12   arrival at Aisle 22, and her location of the Huggies Wipes and Huggies Pull-Ups products she sought,

13   Plaintiff was shocked to learn the prices at the WALMART store were substantially higher than what

14   was listed on the search results in the WALMART app.

15        14.   To Plaintiff's surprise, the "Huggies Simply Clean Baby Wipes, Unscented, 9 packs of

16   64 (586 Ct.)" Plaintiff found in Aisle 22 was not $5.44, as the WALMART app had advertised, but

17   was being sold for $12.54, more than double the price for that specific product advertised on the

18   WALMART app.

19        15.   Additionally, the Huggies "Pull-Ups Girls' Learning Designs Training Pants" in the 84

20   count box was $31.84, more than three times the $8.97 price listed on the WALMART app she had

21   used.

22        16.   Plaintiff was dismayed by the difference between the prices WALMART advertised for

23   the items she sought on the WALMART app and the prices in Aisle 22 at the Torrance WALMART

24   store, but having traveled to the store to buy these items she needed, she nevertheless bought the

25   products during that visit.

26

27

28

4

CLASS ACTION COMPLAINT

## CLASS DEFINITION AND CLASS ALLEGATIONS

17.     Plaintiff brings this action on behalf of herself and on behalf of all others similarly situated as members of the Classes (collectively referred to hereinafter as the "Classes") defined as follows:

(1) <u>Injunctive Relief Class</u>: All users of Defendant's e-commerce app who view on the app a quoted price for an item on sale at one of Defendant's stores, and whom are offered the quoted item at that store at a price higher than the price listed on Defendant's e-commerce app, at the time of the attempted purchase. Excluded from the Class are Defendant, any parent, subsidiary, affiliate or controlled person of Defendant, as well as the officers and directors of Defendant, and the immediate family member of any such person.  Also excluded is any judge who may preside over the case.

(2) <u>Class</u>: All users of Defendant's e-commerce app who viewed on the app a quoted price for an item on sale at one of Defendant's stores, and whom purchased the quoted item at that store at a price higher than the price listed on Defendant's e-commerce app at the time of purchase, from four years prior to the filing of the complaint to the present.  Excluded from the Class are Defendant, any parent, subsidiary, affiliate or controlled person of Defendant, as well as the officers and directors of Defendant, and the immediate family member of any such person.  Also excluded is any judge who may preside over the case.

18.     **Numerosity:** The proposed Classes are so numerous that individual joinder of all the members is impracticable.  Due to the nature of the trade and commerce involved, Plaintiff believes the total number of class members in each of the Classes is in the hundreds of thousands if not more and that the members of the Classes are numerous.  While the exact number and identities of all members of the Classes are unknown at this time, such information can be ascertained through appropriate investigation and discovery.  The disposition of the claims of the members of the Classes in a single class action will provide substantial benefits to all parties and to the Court.

19.     **Commons Questions of Law and Fact Predominate:** There are many questions of law and fact common to the representative Plaintiff and the Classes, and those questions substantially predominate over any questions that may affect individual members of the Classes.  The common questions of law and fact include, but are not limited to, the following:

i.   Whether Defendant's representations on its e-commerce App regarding the quoted prices for items on sale at its stores were likely to mislead and did in fact mislead Plaintiff and members of the putative Classes;

ii.  Whether Defendant represented that the transactions with Plaintiff and members of the putative Classes conferred rights that they do not have, i.e. that Plaintiff and putative class members could purchase items at Defendant's stores at the prices listed on its e-commerce App;

iii. Whether Defendant engaged in unlawful, unfair or fraudulent business practices;

iv.  Whether Defendant's conduct was willful, deceptive, and oppressive;  and

v.   The nature and extent of damages and other remedies to which the conduct of Defendant entitles members of the putative Classes.

20.     These common questions of law and fact predominate over questions that may affect individual class members in that the claims of all members of the Classes for each of the claims herein can be established with common proof.  Additionally, a class action would be "superior to other available methods for the fair and efficient adjudication of the controversy" because: (1) members of the Classes have little interest in individually controlling the prosecution of separate actions because the individual damages claims of each member of the Classes are not substantial enough to warrant individual filings; (2) Plaintiff is not aware of other lawsuits against Defendant commenced by or on behalf of members of the Classes; and (3) the conduct alleged is common to all members of the Classes and because resolution of the claims of Plaintiff will resolve the claims of the remaining Classes, certification does not pose any manageability problems.

21.     **Typicality:** Plaintiff's claims are typical of the claims of the members of the Classes. Plaintiff and all members of the Classes have been similarly affected by Defendant's conduct as they all were offered the quoted item at that store at a price higher than the price listed on Defendant's e-commerce app, and purchased products from Walmart at higher prices than Walmart advertised on its e-commerce app.

22.     **Adequacy of representation:** Plaintiff will fairly and adequately represent and protect the interests of the Classes.  Plaintiff has retained counsel with substantial experience in handling

6

1  complex class action litigation.   Plaintiff and his counsel are committed to prosecuting this action
2  vigorously on behalf of the Classes and have the financial resources to do so.

3      23.   **Superiority of Class Action:** Plaintiff and the members of the Classes suffered and will
4  continue to suffer harm as a result of Defendant's unlawful and wrongful conduct.  A class action is
5  superior to other available methods for the fair and efficient adjudication of the present controversy.
6  Members of the Classes have little interest in individually controlling the prosecution of separate
7  actions because the individual damages Claims of each member of the Classes are not substantial
8  enough to warrant individual filings.  In sum, for many, if not most, members of the Classes, a class
9  action is the only feasible mechanism that will allow them an opportunity for legal redress and justice.

10     24.   Adjudication of individual claims of the members of the Classes with respect to
11 Defendant would, as a practical matter, be dispositive of the interests of other members not parties to
12 the adjudication, and could substantially impair or impede the ability of other members of the Classes
13 to protect their interests.

## FIRST CAUSE OF ACTION

### *Business & Professions Code § 17200  et seq.*

### (Violation of Unfair Competition Law)

### (By Plaintiff and the Class Against Defendant WALMART and Does 1-50)

18     25.   Plaintiff restates and incorporates by reference each and every allegation contained in
19 paragraphs 1-24 as though fully set forth herein.

20     26.   California *Business & Professions Code* § 17200 *et seq.* (hereafter referred to as the
21 "Unfair Competition Law" or "UCL") authorizes private lawsuits to enjoin acts of "unfair
22 competition," which include any unlawful, unfair, or fraudulent business practice.

23     27.   The UCL imposes strict liability.  Plaintiff need not prove that Defendant intentionally
24 or negligently engaged in unlawful, unfair, or fraudulent business practices – only that such practices
25 occurred.

26     28.   WALMART's advertising lower prices for certain items on its WALMART app, but
27 actually charging higher prices for the same items at the very store listed in the app for sale of such
28 items, is an unlawful, unfair, and fraudulent business practice prohibited by the UCL.

7

29.     In carrying out its advertising of lower prices for certain items to users of its WALMART app, Defendant has violated the Consumer Legal Remedies Act, the False Advertising Law, and various other laws, regulations, statutes, and/or common law duties. Defendant's business practices alleged herein, therefore, are unlawful within the meaning of the UCL.

30.     The harm to Plaintiff and members of the public outweighs the utility of Defendant's practices and, consequently, Defendant's practices, as set forth fully above, constitute an unfair business act or practice within the meaning of the UCL.

31.     Defendant's practices are additionally unfair because they have caused Plaintiff and the Classes substantial injury, which is not outweighed by any countervailing benefits to consumers or to competition, and which is not an injury the consumers themselves could have reasonably avoided.

32.     Defendant's practices, as set forth above, have misled the general public in the past and will mislead the general public in the future. Consequently, Defendant's practices constitute an unlawful and unfair business practice within the meaning of the UCL.

33.     Pursuant to *Business and Professions Code* § 17204, an action for unfair competition may be brought by any "person … who has suffered injury in fact and has lost money or property as a result of such unfair competition." Defendant's misleading business practice – advertising lower prices for certain items on its WALMART app, but actually charging higher prices for the same items at the very store listed in the app for sale of such items – directly and seriously injured Plaintiff and the putative Classes who were thus deprived of their property rights.

34.     The unlawful, unfair and fraudulent business practices of Defendant are ongoing and present a continuing threat that members of the public will be misled into believing they will have the right to purchase items from WALMART at certain quoted prices but, like Plaintiff, will be deprived of that right and damaged financially.

35.     Pursuant to the UCL, Plaintiff is entitled to preliminary and permanent injunctive relief ordering Defendant to cease this unfair business practice, as well as disgorgement and restitution to the Class of the price of all money Defendant wrongfully obtained associated with its unfair business practice, or such portion of those revenues as the Court may deem equitable.

## SECOND CAUSE OF ACTION

### *Civil Code* § 1750 *et seq.*

### (Violation of the Consumer Legal Remedies Act)

### (By Plaintiff and the Class Against WALMART and Does 1-50)

36.     Plaintiff restates and incorporates by reference each and every allegation contained in paragraphs 1-35 as though fully set forth herein.

37.     The Consumer Legal Remedies Act (hereafter referred to as the "CLRA") creates a non-exclusive statutory remedy for unfair methods of competition and unfair or deceptive acts or business practices. *See Reveles v. Toyota by the Bay*, 57 Cal. App. 4th 1139, 1164 (1997). Its self-declared purpose is to protect consumers against these unfair and deceptive business practices, and to provide efficient and economical procedures to secure such protection. Cal. Civ. Code § 1760.  The CLRA was designed to be liberally construed and applied in favor of consumers to promote its underlying purposes. *Id.*

38.     More specifically, Plaintiff alleges that Defendant has violated paragraphs 4, 9, 13 and 14  of *Civil Code* Section 1770(a) by engaging in the unfair and/or deceptive acts and practices set forth herein. Defendant's unfair and deceptive business practices in carrying out its advertising of lower prices for certain items on its WALMART app, and actually charging higher prices for the same items at the very store listed in the app for sale of such items, as described herein were and are intended to and did and do result in numerous individuals, including Plaintiff, being deprived of their right to purchase items at certain quoted prices, in violation of the CLRA. Cal. Civ. Code § 1770 *et seq.* Members of the putative Class were damaged in that they incurred higher purchase prices than warranted by Defendant's advertising.

39.     As a result of Defendant's unfair and/or deceptive business practices, Plaintiff and all individuals who had the higher purchase prices imposed on them as a result of WALMART's business practice have suffered damage in that they lost a vested right in items from WALMART at certain quoted prices because Defendant misrepresented that the offers for sale conferred rights to Plaintiff and the Classes, which, according to WALMART they did not.   Plaintiff seeks and is entitled to an order

9

1  enjoining Defendant from continuing to engage in the unfair and deceptive business practices alleged
2  herein.

3       40.     Pursuant to CLRA section 1782, Plaintiff has notified Defendant in writing of the
4  particular violations of Section 1770 of the CLRA Plaintiff alleges Defendant committed.  In response,
5  WALMART has not agreed to provide the monetary compensation Plaintiff demanded for members of
6  the putative Class.

7                        **THIRD CAUSE OF ACTION**

8              ***Business & Professions Code § 17500, et seq.***

9                **(Violation of the False Advertising Law)**

10         **(By Plaintiff and the Class Against WALMART and Does 1-50)**

11      41.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in
12  paragraphs 1-40 as if fully set forth herein.

13      42.     California *Business & Professions Code* § 17500 provides that "[I]t is unlawful for any
14  … corporation … with intent … to dispose of … personal property … to induce the public to enter into
15  any obligation relating thereto, to make or disseminate or cause to be made or disseminated … from
16  this state before the public in any state, in any newspaper or other publication, or any advertising
17  device, or by public outcry or proclamation, or in any other manner or means whatever … any
18  statement … which is untrue or misleading, and which is known, or which by exercise of reasonable
19  care should be known, to be untrue or misleading…"

20      43.     Defendant misled consumers by advertising lower prices for certain items on its
21  WALMART app, when according to WALMART they were not for sale at those prices, and instead
22  actually charging higher prices for the same items at the very store listed in the app for sale of such
23  items.

24      44.     As a direct and proximate result of Defendant's misleading and false advertising,
25  Plaintiff and the members of the Classes have suffered injury in fact and have lost money/property.

26      45.     The misleading and false advertising described herein presents a continuing threat to
27  Plaintiff and the Classes in that Defendant persists and continues to engage in these practices, and will

28

10

CLASS ACTION COMPLAINT

Page 025

1   not cease doing so unless and until forced to do so by this Court. Defendant's conduct will continue to

2   cause irreparable injury to consumers unless enjoined or restrained.

3   <u>**PRAYER FOR RELIEF**</u>

4   **WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for relief and

5   judgment as follows:

6   1.  For certification of the putative Classes;

7   2.  For restitution and disgorgement of all money and property wrongfully obtained by Defendant

8   by means of its herein-alleged unlawful, unfair and fraudulent business practices;

9   3.  For an accounting by Defendant for any and all profits derived by Defendant from its herein-

10   alleged unlawful, unfair and fraudulent business practices;

11   4.  An award of general damages according to proof;

12   5.  An award of special damages according to proof;

13   6.  Exemplary damages in light of Defendants' fraud, malice, and conscious disregard for the

14   rights of Plaintiff and putative class members;

15   7.  Injunctive relief;

16   8.  For attorneys' fees and expenses pursuant to all applicable laws, including, without limitation,

17   the CLRA and the common law private attorney general doctrine;

18   9.  For costs of suit;

19   10. For such other and further relief as the court deems just and proper.

20

21   Dated: October 15, 2019                                **KIRTLAND & PACKARD, LLP**

22

23                                                By: _____

24                                                   MICHAEL LOUIS KELLY
                                                     BEHRAM V. PAREKH
25                                                   JOSHUA A. FIELDS

26
                                                   *Counsel for Plaintiff Sofia Maynez and all*
27                                                 *others similarly situated*

28

## DEMAND FOR JURY TRIAL

Plaintiff SOFIA MAYNEZ hereby demands a jury trial.

Dated: October 15, 2019

KIRTLAND & PACKARD, LLP

By: _____
MICHAEL LOUIS KELLY
BEHRAM V. PAREKH
JOSHUA A. FIELDS

*Counsel for Plaintiff Sofia Maynez and all others similarly situated*

12

## DECLARATION OF PROPER VENUE BY SOFIA MAYNEZ

I, Sofia Maynez, declare as follows:

1.   I am a Plaintiff in this action, and I am a resident and citizen of the State of California. I have personal knowledge of the facts alleged herein and, if called as a witness, I could and would testify competently thereto.

2.   The Complaint in this action, filed concurrently with this Declaration, is filed in the proper place for trial under Civil Code § 1780(d) in that Los Angeles County is a county where Defendant does business.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed in Los Angeles, California on October 14, 2019.

Sofia Maynez

13

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Spring Street Courthouse
312 North Spring Street, Los Angeles, CA 90012

## NOTICE OF CASE ASSIGNMENT
## UNLIMITED CIVIL CASE

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

**10/16/2019**

Sherri R. Carter, Executive Officer / Clerk of Court

By: Isaac Lovo    Deputy

CASE NUMBER:
19STCV36866

Your case is assigned for all purposes to the judicial officer indicated below.

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | William F. Highberger | 10 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record    Sherri R. Carter, Executive Officer / Clerk of Court

on 10/16/2019                                                      By Isaac Lovo                              Deputy Clerk
    (Date)

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT — UNLIMITED CIVIL CASE**

Page 029

1   Michael Louis Kelly, State Bar No. 82063
    mlk@kirtlandpackard.com
    Behram V. Parekh, State Bar No. 180361
2   bvp@kirtlandpackard.com
    Joshua A. Fields, State Bar No. 242938
3   jf@kirtlandpackard.com
    KIRTLAND & PACKARD LLP
4   1638 South Pacific Coast Highway
    Redondo Beach, California  90277
5   Tel: (310) 536-1000 / Fax: (310) 536-1001

6   *Counsel for Plaintiff Sofia Maynez*
    *and all others similarly situated*

7

8                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                **COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

10

11  SOFIA MAYNEZ, an individual, on behalf of       Case No.  19STCV36866
    herself and all others similarly situated,      Assigned to Hon. William F. Highberger
12
                    Plaintiffs,
13
                    v.                              **PROOF OF SERVICE:**
14
    WALMART, INC., a Delaware Corporation; and      **1)  COURT'S MINUTE ORDER OF**
15  DOES 1-50, inclusive,                               **DECEMBER 4, 2019;**
                                                    **2)  INITIAL STATUS CONFERENCE**
16                  Defendants.                         **ORDER (COMPLEX LITIGATION**
                                                       **PROGRAM)**
17

18
                                                   **CMC:        January 14, 2020**
19                                                 **Time:       10:00 a.m.**
                                                   **Dept:       10**
20
                                                   Complaint filed:  October 16, 2019
21

22

23

24

25

26

27

28

                                                   1

1

## PROOF OF SERVICE
[CCP §§1010.6, 1011, 1013, 1013a; CRC 2.251, 2.306]

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

4    I, the undersigned, am employed in the County of Los Angeles, State of California. I
am over the age of 18 and not a party to the within action. My business address is 1638
South Pacific Coast Highway, Redondo Beach, California 90277. I am "readily familiar" with

5    my employer's practice of collection and processing of correspondence and documents for
mailing with the United States Postal Service, mailing via overnight delivery, transmission

6    by facsimile machine, and delivery by hand.

7
    On December 13, 2019, I served a copy of each of the documents listed below

8    by placing said copies for processing as indicated herein: **COURT'S MINUTE ORDER
OF DECEMBER 4, 2019; INITIAL STATUS CONFERENCE ORDER (COMPLEX**

9    **LITIGATION PROGRAM)**

10

11   | ✓ | **U.S. MAIL:**  The correspondence or documents were placed in sealed, labeled envelopes with postage thereon fully prepaid on the above date and placed for collection and mailing at my place of business to be deposited with the U.S. Postal Service at Redondo Beach, California on this same date in the ordinary course of business. |

12

13

14

15   **PERSONS OR PARTIES SERVED:**

16

17   Walmart, Inc.
c/o CT Corporation
818 W. 7th Street

18   Los Angeles, CA 90017

19

20   | ✓ | **State)  I certify (or declare) under penalty of perjury that the foregoing is true and correct and that this declaration was executed on December 13, 2019.** |

21

22

23                                   _[signature]_

24

                              **Marti F. Clark**

25

26

27

28

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 10

**19STCV36866**
**SOFIA MAYNEZ vs WALMART, INC.**

December 4, 2019
10:00 AM

RECEIVED

DEC 1 0 2019
*copy to calabar*

KIRTLAND & PACKARD

Judge: Honorable William F. Highberger
Judicial Assistant: Pedro Martinez
Courtroom Assistant: None

CSR: None
ERM: None
Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s): No Appearances

**NATURE OF PROCEEDINGS:** Court Order

By this order, the Court determines this case to be Complex according to Rule 3.400 of the California Rules of Court. The Clerk's Office has randomly assigned this case to this department for all purposes.

By this order, the Court stays the case, except for service of the Summons and Complaint. The stay continues at least until the Initial Status Conference. Initial Status Conference is set for 01/14/20 at 10:00 AM in this department. At least 10 days prior to the Initial Status Conference, counsel for all parties must discuss the issues set forth in the Initial Status Conference Order issued this date. The Initial Status Conference Order is to help the Court and the parties manage this complex case by developing an orderly schedule for briefing, discovery, and court hearings. The parties are informally encouraged to exchange documents and information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further Order of the Court. Parties must file a Notice of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of Appearance shall not constitute a waiver of any substantive or procedural challenge to the Complaint. Nothing in this order stays the time for filing an Affidavit of Prejudice pursuant to Code of Civil Procedure Section 170.6.

Counsel are directed to access the following link for information on procedures in the Complex litigation Program courtrooms: http://www.lacourt.org/division/civil/CI0037.aspx

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent or adverse party, not to exceed, for each separate case number, a total of eighteen thousand dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**Civil Division**

Central District, Spring Street Courthouse, Department 10

**19STCV36866**                                                              December 4, 2019
**SOFIA MAYNEZ vs WALMART, INC.**                                            10:00 AM

Judge: Honorable William F. Highberger          CSR: None
Judicial Assistant: Pedro Martinez              ERM: None
Courtroom Assistant: None                       Deputy Sheriff: None

All such fees are ordered to be paid to Los Angeles Superior Court, within 10 days of service of this order.

The plaintiff must serve a copy of this minute order and the attached Initial Status Conference Order on all parties forthwith and file a Proof of Service in this department within 7 days of service.

Certificate of Mailing is attached.

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**12/04/2019**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ Pedro Martinez _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Sofia Maynez | |
| DEFENDANT/RESPONDENT:<br>Walmart, Inc. | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>19STCV36866 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Court Order) of 12/04/2019, Initial Status Conference Order upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Michael Louis Kelly
Kirtland & Packard LLP
1638 S Pacific Coast Hwy
Redondo Beach, CA  90277

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 12/5/2019        By:   Pedro Martinez
                                     Deputy Clerk

**CERTIFICATE OF MAILING**

1

2

3

4

5

RECEIVED
DEC 1 0 2019
COPY TO CALENDAR
KIRTLAND & PACKARD

CONEOBMED COPY.
ORIGINAL FILED
Superior Court of California
County of Los Angeles

DEC 0 4 2019

Sherri R. Carter, Executive Officer/Clerk
By: Pedro Martinez, Deputy

6

7

8

9

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

CENTRAL DISTRICT

10

11

12

13

14

15

16

SOFIA MAYNEZ.
            Plaintiff,

vs.

WALMART, INC.
            Defendants.

Case No.: 19STCV36866

INITIAL STATUS CONFERENCE ORDER
(COMPLEX LITIGATION PROGRAM)

Case Assigned for All Purposes to
Judge William F. Highberger

Department:  10
Date: January 14, 2020
Time: 10:00 a.m.

17

18

19

20

21

22

This case has been assigned for all purposes to Judge William F. Highberger in the

Complex Litigation Program. An Initial Status Conference is set for January 14, 2020, at 10:00

a.m. in Department 10 located in the Los Angeles Superior Court at the United States Court House

on 312 North Spring Street, Los Angeles, CA 90012.  Counsel for all parties are ordered to

attend.

23

24

25

26

27

28

The court orders counsel to prepare for the Initial Status Conference by identifying and

discussing the central legal and factual issues in the case.  Counsel for plaintiff is ordered to

initiate contact with counsel for defense to begin this process. Counsel then must negotiate and

agree, as much as possible, on a case management plan.  To this end, counsel must file a Joint

1  Initial Status Conference Class Action Response Statement five court days before the Initial Status

2  Conference. The Joint Response Statement must be filed on line-numbered pleading paper and

3  must specifically answer each of the below-numbered questions. Do not use the use the Judicial

4  Council Form CM-110 (Case Management Statement).

5  **1. PARTIES AND COUNSEL:** Please list all presently-named class representatives and

6
7  presently-named defendants, together with all counsel of record, including counsel's contact and

8  email information.

9  **2. POTENTIAL ADDITIONAL PARTIES:** Indicate whether any plaintiff presently

10  intends to add additional class representatives, and, if so, the name(s) and date by which these

11  class representatives will be added. Indicate whether any plaintiff presently intends to name

12  additional defendants, and, if so, the name(s) and date by which the defendant(s) will be added.

13  Indicate whether any appearing defendant presently intends to file a cross-complaint and, if so, the

14  names of cross-defendants and the date by which the cross-complaint will be filed.

15

16  **3. IMPROPERLY NAMED DEFENDANT(S):** If the complaint names the wrong

17  person or entity, please explain why the named defendant is improperly named and the proposed

18  procedure to correct this error.

19  **4. ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S):** If any party

20  believes one or more named plaintiffs might not be an adequate class representative, including

21
22  reasons of conflict of interest as described in Apple Computer v. The Superior Court of Los

23  Angeles County (2005) 126 Cal.App.4th 1253, please explain. No prejudice will attach to these

24  responses.

25  **5. ESTIMATED CLASS SIZE:** Please discuss and indicate the estimated class size.

26  **6. OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS:** Please list

27  other cases with overlapping class definitions. Please identify the court, the short caption title, the

28

-2-

1   docket number, and the case status.

2   **7. POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION**

3   **WAIVER CLAUSES:**  Please state whether arbitration is an issue in this case and attach a

4   sample of any relevant clause of this sort.   Opposing parties must summarize their views on this

5   issue.

6   **8. POTENTIAL EARLY CRUCIAL MOTIONS:**  Opposing counsel should identify

7   and describe the significant core issues in the case, and then identify efficient ways to resolve

8   those issues, including one or more of the following:

9

10   ■   Motion to Compel Arbitration,

11   ■   Early motions in limine,

12   ■   Early motions about particular jury instructions and verdict forms,

13   ■   Demurrers,

14   ■   Motions to strike,

15   ■   Motions for judgment on the pleadings, and

16   ■   Motions for summary judgment and summary adjudication.

17

18   **9. CLASS CONTACT INFORMATION:**  Counsel should discuss whether obtaining

19   class contact information from defendant' s records is necessary in this case and, if so,  whether

20   the parties consent to an "opt-out" notice process (as approved in *Belaire-West Landscape, Inc. v.*

21   *Superior Court* (2007) 149 Cal.App.4th 554, 561).  Counsel should address timing and procedure,

22   including allocation of cost and the necessity of a third party administrator.

23

24   **10. PROTECTIVE ORDERS:**  Parties considering an order to protect confidential

25   information from general disclosure should begin with the model protective orders found on the

26   Los Angeles Superior Court Website under "Civil Tools for Litigators."

27   **11. DISCOVERY:**  Please discuss a discovery plan. If the parties cannot agree on a plan,

28

-3-

summarize each side's views on discovery.  The court generally allows discovery on matters relevant to class certification, which (depending on circumstances) may include factual issues also touching the merits.  The court generally does not permit extensive or expensive discovery relevant only to the merits (for example, detailed damages discovery) at the initial stage unless a persuasive showing establishes early need.  If any party seeks discovery from absent class members, please estimate how many, and also state the kind of discovery you propose[1].

**12. INSURANCE COVERAGE:** Please state if (1) there is insurance for indemnity or reimbursement, and (2) whether there are any insurance coverage issues which might affect settlement.

**13. ALTERNATIVE DISPUTE RESOLUTION:** Please discuss ADR and state each party's position about it.  If pertinent, how can the court help identify the correct neutral and prepare the case for a successful settlement negotiation?

**14. TIMELINE FOR CASE MANAGEMENT:** Please recommend dates and times for the following:

- The next status conference,

- A schedule for alternative dispute resolution, if it is relevant,

- A filing deadline for the motion for class certification, and

- Filing deadlines and descriptions for other anticipated non-discovery motions.

**15. ELECTRONIC SERVICE OF PAPERS:** For efficiency the complex program requires the parties in every new case to use a third-party cloud service.

Please agree on one and submit the parties' choice when filing the Joint Initial Status Conference Class Action Response Statement.  If there is agreement, please identify the vendor.  If parties cannot agree, the court will select the vendor at the Initial Status Conference.  Electronic

---

[1] See California Rule of Court, Rule 3.768.

-4-

1  service is not the same as electronic filing.  Only traditional methods of filing by physical delivery
2  of original papers or by fax filing are presently acceptable.

3       **Reminder When Seeking To Dismiss Or To Obtain Settlement Approval:**

4  "A dismissal of an entire class action, or of any party or cause of action in a class action, requires
5  court approval. . . . Requests for dismissal must be accompanied by a declaration setting forth the
6  facts on which the party relies. The declaration must clearly state whether consideration, direct or
7  indirect, is being given for the dismissal and must describe the consideration in detail."[2] If the
8  parties have settled the class action, that too will require judicial approval based on a noticed
9
10  motion (although it may be possible to shorten time by consent for good cause shown).

11      **Reminder When Seeking Approval of a Settlement–** Plaintiff(s) must address the issue
12  of any fee splitting agreement  in their motion for preliminary approval and demonstrate
13  compliance with California Rule of Court  3.769, and the Rules of Professional Conduct 2-200(a)
14
15  as required by Mark v. Spencer (2008) 166 Cal.App.4[th] 219.

16       Pending further order of this Court, and except as otherwise provided in this Initial Status
17  Conference Order, ***these proceedings are stayed in their entirety***. This stay precludes the filing of
18  any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the Court;
19  however, any defendant may file a Notice of Appearance for purposes of identification of counsel
20  and preparation of a service list. The filing of such a Notice of Appearance is without prejudice to
21  any challenge to the jurisdiction of the Court, substantive or procedural challenges to the
22  Complaint, without prejudice to any affirmative defense, and without prejudice to the filing of any
23
24  cross-complaint in this action. This stay is issued to assist the Court and the parties in managing
25  this "complex" case through the development of an orderly schedule for briefing and hearings on
26  procedural and substantive challenges to the complaint and other issues that may assist in the

27

28  [2] California Rule of Court, Rule 3.770(a)

INITIAL STATUS CONFERENCE ORDER(CLASS ACTION)

1   orderly management of these cases. This stay does not preclude the parties from informally

2   exchanging documents that may assist in their initial evaluation of the issues presented in this

3   case, however it stays all outstanding discovery requests.

4   Plaintiff's counsel is directed to serve a copy of this Initial Status Conference Order along

5   with a copy of the attached Guidelines for Motions for Preliminary and Final Approval of Class

6   Settlement on counsel for all parties, or if counsel has not been identified, on all parties, within

7
8   five (5) days of service of this order. If any defendant has not been served in this action, service is

9   to be completed within twenty (20) days of the date of this order.

10   If all parties have been served, have conducted the required meet and confer, and are ready

11   to fully participate in the status conference prior to the assigned date, counsel may contact the

12   clerk of Department 10 and request an earlier date for the Initial Status Conference.

13

14   Dated:  12|4|19

15

16   **WILLIAM F. HIGHBERGER, JUDGE**

17   _____
     Judge William F. Highberger

18

19

20

21

22

23

24

25

26

27

28
INITIAL STATUS CONFERENCE ORDER(CLASS ACTION)