Edward S. Chang (State Bar No. 241682)
Justin Potesta (State Bar No. 314133)
JONES DAY
3161 Michelson Drive
Suite 800
Irvine, CA  92612.4408
Telephone: +1.949.851.3939
Facsimile:  +1.949.553.7539
echang@jonesday.com
jpotesta@jonesday.com

Attorneys for Defendant
WALMART INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOFIA MAYNEZ, an individual, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WALMART, INC., a Delaware Corporation; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 2:20-cv-00023-DSF-JPR<br><br>Hon. Dale S. Fischer<br><br>**WALMART INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF SOFIA MAYNEZ'S FIRST AMENDED COMPLAINT**<br><br>Complaint Filed: October 16, 2019<br>Removal: January 2, 2020<br>FAC Filed: February 7, 2020 |

## ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW Defendant Walmart Inc., ("Walmart") by and through its undersigned counsel, and answers Plaintiff Sofia Maynez's First Amended Complaint ("FAC"). Except as specifically admitted, Walmart generally denies the allegations in the FAC.

Walmart also expressly avers that this dispute is subject to binding arbitration pursuant to a valid and enforceable arbitration agreement between Plaintiff and Walmart. To that end, Walmart intends to file a motion to compel individual, non-class arbitration as soon as practicable, but no later than fifteen (15) business days from the date of filing of this Answer. Walmart expressly reserves all rights under the Federal Arbitration Act ("FAA"), binding U.S. Supreme Court and California precedent, and the parties' arbitration agreement.

## RESPONSE TO PRELIMINARY STATEMENT

In response to the preliminary statement of the FAC, Walmart admits that Plaintiff's FAC purports to state allegations on behalf of herself and all others allegedly similarly situated. Walmart otherwise denies any remaining allegations within Plaintiff's preliminary statement.

## RESPONSE TO ALLEGATIONS REGARDING PARTIES

1.   In response to paragraph 1 of the FAC, Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1, and therefore denies the allegations in paragraph 1.

2.   In response to paragraph 2 of the FAC, Walmart admits that it is a Delaware corporation with its principal place of business in Bentonville, Arkansas. Walmart admits that it is registered to do business in California and "operates" as it understands that term, within Los Angeles County. Walmart admits that it is a multinational corporation that operates a chain of stores and e-commerce websites, and that it sells goods to consumers throughout the United States. Except as specifically admitted, Walmart denies any remaining allegations in paragraph 2.

3. In response to paragraph 3 of the FAC, Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3, and therefore denies the allegations in paragraph 3.

4. In response to paragraph 4 of the FAC, Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4, and therefore denies the allegations contained in paragraph 4.

## RESPONSE TO ALLEGATIONS REGARDING
## JURISDICTION AND VENUE

5. In response to paragraph 5 of the FAC, Walmart states that the allegations in that paragraph are legal conclusions that are not subject to admission or denial. To the extent a response to paragraph 5 is required, Walmart admits that Plaintiff has alleged jurisdiction based on 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005. Except as specifically admitted, Walmart denies any remaining allegations in paragraph 5, including because the dispute between Plaintiff and Walmart is subject to individual, non-class arbitration.

6. In response to paragraph 6 of the FAC, Walmart states that the allegations in that paragraph are legal conclusions that are not subject to admission or denial. To the extent a response to paragraph 6 is required, Walmart admits that it is authorized to do business in California and does business in California. Walmart is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 6, and therefore denies the remaining allegations contained in paragraph 6.

7. In response to paragraph 7 of the FAC, Walmart states that the allegations in that paragraph are legal conclusions that are not subject to admission or denial. To the extent a response to paragraph 7 is required, Walmart admits that it has conducted business in this District. Walmart is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7, and therefore denies the remaining allegations contained in paragraph

7, including because the dispute between Plaintiff and Walmart is subject to individual, non-class arbitration.

## RESPONSE TO FACTUAL ALLEGATIONS

8. In response to paragraph 8 of the FAC, Walmart denies the allegations in paragraph 8.

9. In response to paragraph 9 of the FAC, Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9, and therefore denies the allegations in paragraph 9.

10. In response to paragraph 10 of the FAC, Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10, and therefore denies the allegations in paragraph 10.

11. In response to paragraph 11 of the FAC, Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 and Exhibit A, and therefore denies the allegations in paragraph 11 and Exhibit A.

12. In response to paragraph 12 of the FAC, Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 and Exhibit B, and therefore denies the allegations in paragraph 12 and Exhibit B.

13. In response to paragraph 13 of the FAC, Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13, and therefore denies the allegations in paragraph 13.

14. In response to paragraph 14 of the FAC, Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14, and therefore denies the allegations in paragraph 14.

15. In response to paragraph 15 of the FAC, Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15, and therefore denies the allegations in paragraph 15.

16. In response to paragraph 16 of the FAC, Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16, and therefore denies the allegations in paragraph 16.

**RESPONSE TO CLASS DEFINITION AND CLASS ALLEGATIONS**

17. In response to paragraph 17 of the FAC, Walmart states that the allegations in that paragraph are legal conclusions that are not subject to admission or denial. To the extent a response to paragraph 17 is required, Walmart admits that Plaintiff purports to bring this action on behalf of a "California Injunctive Relief Class." Walmart denies that the proposed class satisfies the requirements of Federal Rule of Civil Procedure 23 or is otherwise legally sufficient, and further denies that this action may be properly maintained as a class action. Except as specifically admitted, Walmart denies any remaining allegations in paragraph 17, including because the dispute between Plaintiff and Walmart is subject to individual, non-class arbitration.

18. In response to paragraph 18 of the FAC, Walmart states that the allegations in that paragraph are legal conclusions that are not subject to admission or denial. To the extent a response to paragraph 18 is required, Walmart admits that Plaintiff purports to bring this action on behalf of a "California Injunctive Relief Class." Walmart denies that the proposed class satisfies the requirements of Federal Rule of Civil Procedure 23 or is otherwise legally sufficient, and further denies that this action may be properly maintained as a class action. Except as specifically admitted, Walmart denies any remaining allegations in paragraph 18, including because the dispute between Plaintiff and Walmart is subject to individual, non-class arbitration.

19. In response to paragraph 19 of the FAC, Walmart states that the allegations in that paragraph are legal conclusions that are not subject to admission or denial. To the extent a response to paragraph 19 is required, Walmart admits that Plaintiff purports to bring this action on behalf of a "California Injunctive Relief

1  Class." Walmart denies that the proposed class satisfies the requirements of Federal
2  Rule of Civil Procedure 23 or is otherwise legally sufficient, and further denies that
3  this action may be properly maintained as a class action. Except as specifically
4  admitted, Walmart denies any remaining allegations in paragraph 19, including
5  because the dispute between Plaintiff and Walmart is subject to individual, non-class
6  arbitration.

7   20.  In response to paragraph 20 of the FAC, Walmart states that the
8  allegations in that paragraph are legal conclusions that are not subject to admission
9  or denial. To the extent a response to paragraph 20 is required, Walmart admits that
10 Plaintiff purports to bring this action on behalf of a "California Injunctive Relief
11 Class." Walmart denies that the proposed class satisfies the requirements of Federal
12 Rule of Civil Procedure 23 or is otherwise legally sufficient, and further denies that
13 this action may be properly maintained as a class action. Except as specifically
14 admitted, Walmart denies any remaining allegations in paragraph 20, including
15 because the dispute between Plaintiff and Walmart is subject to individual, non-class
16 arbitration.

17  21.  In response to paragraph 21 of the FAC, Walmart states that the
18 allegations in that paragraph are legal conclusions that are not subject to admission
19 or denial. To the extent a response to paragraph 21 is required, Walmart admits that
20 Plaintiff purports to bring this action on behalf of a "California Injunctive Relief
21 Class." Walmart denies that the proposed class satisfies the requirements of Federal
22 Rule of Civil Procedure 23 or is otherwise legally sufficient, and further denies that
23 this action may be properly maintained as a class action. Except as specifically
24 admitted, Walmart denies any remaining allegations in paragraph 21, including
25 because the dispute between Plaintiff and Walmart is subject to individual, non-class
26 arbitration.

27  22.  In response to paragraph 22 of the FAC, Walmart states that the
28 allegations in that paragraph are legal conclusions that are not subject to admission

or denial. To the extent a response to paragraph 22 is required, Walmart admits that Plaintiff purports to bring this action on behalf of a "California Injunctive Relief Class." Walmart denies that the proposed class satisfies the requirements of Federal Rule of Civil Procedure 23 or is otherwise legally sufficient, and further denies that this action may be properly maintained as a class action. Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 regarding Plaintiff and her attorneys, and therefore denies those allegations. Except as specifically admitted, Walmart denies any remaining allegations in paragraph 22, including because the dispute between Plaintiff and Walmart is subject to individual, non-class arbitration.

23. In response to paragraph 23 of the FAC, Walmart states that the allegations in that paragraph are legal conclusions that are not subject to admission or denial. To the extent a response to paragraph 23 is required, Walmart admits that Plaintiff purports to bring this action on behalf of a "California Injunctive Relief Class." Walmart denies that the proposed class satisfies the requirements of Federal Rule of Civil Procedure 23 or is otherwise legally sufficient, and further denies that this action may be properly maintained as a class action. Except as specifically admitted, Walmart denies any remaining allegations in paragraph 23, including because the dispute between Plaintiff and Walmart is subject to individual, non-class arbitration.

24. In response to paragraph 24 of the FAC, Walmart states that the allegations in that paragraph are legal conclusions that are not subject to admission or denial. To the extent a response to paragraph 24 is required, Walmart admits that Plaintiff purports to bring this action on behalf of a "California Injunctive Relief Class." Walmart denies that the proposed class satisfies the requirements of Federal Rule of Civil Procedure 23 or is otherwise legally sufficient, and further denies that this action may be properly maintained as a class action. Except as specifically admitted, Walmart denies any remaining allegations in paragraph 24, including

because the dispute between Plaintiff and Walmart is subject to individual, non-class arbitration.

25. In response to paragraph 25 of the FAC, Walmart states that the allegations in that paragraph are legal conclusions that are not subject to admission or denial. To the extent a response to paragraph 25 is required, Walmart admits that Plaintiff purports to bring this action on behalf of a "California Injunctive Relief Class." Walmart denies that the proposed class satisfies the requirements of Federal Rule of Civil Procedure 23 or is otherwise legally sufficient, and further denies that this action may be properly maintained as a class action. Except as specifically admitted, Walmart denies any remaining allegations in paragraph 25, including because the dispute between Plaintiff and Walmart is subject to individual, non-class arbitration.

## RESPONSE TO FIRST CAUSE OF ACTION

26. In response to paragraph 26 of the FAC, Walmart incorporates by reference its answers set forth in paragraphs 1-25 as if fully set forth herein.

27. In response to paragraph 27 of the FAC, Walmart states that the allegations in that paragraph are legal conclusions that are not subject to admission or denial. Walmart states that the California Business & Professions Code speaks for itself, and denies any allegations in paragraph 27 inconsistent with the Business & Professions Code. To the extent a response to paragraph 27 is required, Walmart denies the allegations in paragraph 27.

28. In response to paragraph 28 of the FAC, Walmart states that the allegations in that paragraph are legal conclusions that are not subject to admission or denial. Walmart states that the California Business & Professions Code speaks for itself, and denies any allegations in paragraph 28 inconsistent with the Business & Professions Code. To the extent a response to paragraph 28 is required, Walmart denies the allegations in paragraph 28.

29. In response to paragraph 29 of the FAC, Walmart states that the

allegations in that paragraph are legal conclusions that are not subject to admission or denial. To the extent a response to paragraph 29 is required, Walmart denies the allegations in paragraph 29.

30. In response to paragraph 30 of the FAC, Walmart states that the allegations in that paragraph are legal conclusions that are not subject to admission or denial. To the extent a response to paragraph 30 is required, Walmart denies the allegations in paragraph 30.

31. In response to paragraph 31 of the FAC, Walmart states that the allegations in that paragraph are legal conclusions that are not subject to admission or denial. To the extent a response to paragraph 31 is required, Walmart denies the allegations in paragraph 31.

32. In response to paragraph 32 of the FAC, Walmart states that the allegations in that paragraph are legal conclusions that are not subject to admission or denial. To the extent a response to paragraph 32 is required, Walmart denies the allegations in paragraph 32.

33. In response to paragraph 33 of the FAC, Walmart states that the allegations in that paragraph are legal conclusions that are not subject to admission or denial. To the extent a response to paragraph 33 is required, Walmart denies the allegations in paragraph 33.

34. In response to paragraph 34 of the FAC, Walmart states that the allegations in that paragraph are legal conclusions that are not subject to admission or denial. Walmart states that the California Business & Professions Code speaks for itself, and denies any allegations in paragraph 34 inconsistent with the Business & Professions Code. To the extent a response to paragraph 34 is required, Walmart denies the allegations in paragraph 34.

35. In response to paragraph 35 of the FAC, Walmart states that the allegations in that paragraph are legal conclusions that are not subject to admission or denial. To the extent a response to paragraph 35 is required, Walmart denies the

1 | allegations in paragraph 35

2 | 36. In response to paragraph 36 of the FAC, Walmart states that the allegations in that paragraph are legal conclusions that are not subject to admission or denial. To the extent a response to paragraph 36 is required, Walmart denies the allegations in paragraph 36.

**RESPONSE TO SECOND CAUSE OF ACTION**

37. In response to paragraph 37 of the FAC, Walmart incorporates by reference its answers in paragraphs 1-36 as if fully set forth herein.

38. In response to paragraph 38 of the FAC, Walmart states that the allegations in that paragraph are legal conclusions that are not subject to admission or denial. Walmart states that the Consumer Legal Remedies Act speaks for itself, and denies any allegations in paragraph 38 inconsistent with the Consumer Legal Remedies Act. To the extent a response to paragraph 38 is required, Walmart denies the allegations in paragraph 38.

39. In response to paragraph 39 of the FAC, Walmart states that the allegations in that paragraph are legal conclusions that are not subject to admission or denial. To the extent a response to paragraph 39 is required, Walmart denies the allegations in paragraph 39.

40. In response to paragraph 40 of the FAC, Walmart states that the allegations in that paragraph are legal conclusions that are not subject to admission or denial. To the extent a response to paragraph 40 is required, Walmart denies the allegations in paragraph 40.

41. In response to paragraph 41 of the FAC, Walmart admits that Plaintiff alleges that she sent Walmart a letter purporting to notify it in writing of its allegations and that Walmart has not agreed to Plaintiff's request for injunctive relief. Except as specifically admitted, Walmart denies any remaining allegations in paragraph 41.

## RESPONSE TO THIRD CAUSE OF ACTION

42. In response to paragraph 42 of the FAC, Walmart incorporates by reference its answers in paragraphs 1-41 as if fully set forth herein.

43. In response to paragraph 43 of the FAC, Walmart states that the allegations in that paragraph are legal conclusions that are not subject to admission or denial. Walmart states that the California Business & Professions Code speaks for itself, and denies any allegations in paragraph 43 inconsistent with the Business & Professions Code. To the extent a response to paragraph 43 is required, Walmart denies the allegations in paragraph 43.

44. In response to paragraph 44 of the FAC, Walmart states that the allegations in that paragraph are legal conclusions that are not subject to admission or denial. To the extent a response to paragraph 44 is required, Walmart denies the allegations in paragraph 44.

45. In response to paragraph 45 of the FAC, Walmart states that the allegations in that paragraph are legal conclusions that are not subject to admission or denial. To the extent a response to paragraph 45 is required, Walmart denies the allegations in paragraph 45.

46. In response to paragraph 46 of the FAC, Walmart states that the allegations in that paragraph are legal conclusions that are not subject to admission or denial. To the extent a response to paragraph 46 is required, Walmart denies the allegations in paragraph 46.

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

In response to Plaintiff's Prayer for Relief, Walmart states that the allegations in the Prayer for Relief are legal conclusions that are not subject to admission or denial. To the extent a response to the Prayer for Relief is required, Walmart denies that Plaintiff, either individually or on behalf of the putative class, is entitled to any of the relief sought. Walmart denies any remaining allegations in the Prayer for Relief, including because the dispute between Plaintiff and Walmart is

subject to individual, non-class arbitration.

## RESPONSE TO PLAINTIFF'S DEMAND FOR JURY TRIAL

In response to Plaintiff's Demand for Jury Trial, Walmart states that the allegations in the Demand for Jury Trial are legal conclusions that are not subject to admission or denial. To the extent a response to Demand for Jury Trial is required, Walmart admits that Plaintiff has demanded a jury trial.

## RESPONSE TO PLAINTIFF'S DECLARATION OF PROPER VENUE

In response to Plaintiff's Declaration of Proper Venue, Walmart states that the allegations in the Declaration of Proper Venue are legal conclusions that are not subject to admission or denial. To the extent a response to Declaration of Proper Venue is required, Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's residency and personal knowledge, and therefore denies those allegations. Walmart admits that it does business in Los Angeles County. Except as specifically admitted, Walmart denies the allegations in the Declaration of Proper Venue.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to the FAC, Walmart alleges the following distinct affirmative defenses, without conceding that Walmart bears the burden of proof or persuasion as to any of them except as required under applicable law:

## FIRST AFFIRMATIVE DEFENSE
## (ARBITRATION)

1. Plaintiff may not maintain these claims in this Court as Plaintiff is required to arbitrate her individual claims against Walmart pursuant to a binding and enforceable arbitration agreement. The arbitration agreement bars class-wide arbitration. Walmart does not waive and expressly reserves its right to seek to compel arbitration or exclude putative class members' claims from this action or arbitration to the maximum extent permitted by law. Walmart will file its motion to compel

arbitration as soon as practicable, but no later than fifteen (15) business days from the date this Answer is filed.

## SECOND AFFIRMATIVE DEFENSE
## (FAILURE TO STATE A CLAIM)

2.  The FAC, and each purported claim therein, fails to state facts sufficient to constitute a claim against Walmart and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever, from Walmart.

## THIRD AFFIRMATIVE DEFENSE
## (LACK OF DECEPTION/MISLEADING)

3.  Plaintiff's claims are barred, in whole or in part, because Plaintiff has not and cannot establish that members of the public have been or are likely to be deceived and/or misled by Walmart.

## FOURTH AFFIRMATIVE DEFENSE
## (VOLUNTARY PAYMENT DOCTRINE)

4.  Plaintiff's claims are barred, in whole or in part, by the voluntary payment doctrine.

## FIFTH AFFIRMATIVE DEFENSE
## (ESTOPPEL/WAIVER/RATIFICATION)

5.  Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, waiver, and/or ratification.

## SIXTH AFFIRMATIVE DEFENSE
## (STATUTE OF LIMITATIONS)

6.  Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.

## SEVENTH AFFIRMATIVE DEFENSE
## (LACK OF STANDING)

7.  Plaintiff's claims are barred, in whole or in part, for lack of standing. Plaintiff suffered no damages and/or injuries because of any action by Walmart.

## EIGHTH AFFIRMATIVE DEFENSE
## (FAILURE TO MITIGATE)

8.  Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to mitigate Plaintiff's alleged damages and/or injury.

## NINTH AFFIRMATIVE DEFENSE
## (CONTRIBUTORY/COMPARATIVE FAULT)

9.  Any alleged damages and/or injuries sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff herself and resulted from Plaintiff's own negligence or actions, which equaled or exceeded any alleged negligence or wrongdoing by Walmart.

## TENTH AFFIRMATIVE DEFENSE
## (INTERVENING CAUSE)

10. Any damages and/or injuries sustained by Plaintiff resulted from an intervening or superseding cause and/or causes, and any act or omission on the part of Walmart was not the proximate and/or competent producing cause of such alleged damages and/or injuries.

## ELEVENTH AFFIRMATIVE DEFENSE
## (UNCLEAN HANDS)

11. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE
## (BONA FIDE ERROR)

12. Plaintiff's claims are barred, in whole or in part, by the bona fide error doctrine/lack of intent.

## THIRTEENTH AFFIRMATIVE DEFENSE
## (NO INJUNCTIVE RELIEF)

13. Plaintiff and the putative class members, and each of them, are not entitled to injunctive relief. Among other things, Plaintiff and the putative class

members cannot show that: (1) they will suffer an irreparable injury without injunctive relief; (2) remedies available at law are inadequate; (3) the threatened injury outweighs any damage the defendant might suffer as a result of the injunction; and (4) the injunctions will not disserve the public interest.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (NO CLASS CERTIFICATION)

14. The claims in the FAC are not suitable for class certification under the requirements of Federal Rule of Civil Procedure 23.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (CONSTITUTIONAL RIGHTS)

15. Plaintiff's claims are barred, in whole or in part, to the extent they violate the United States and/or California Constitutions, including but in no way limited to Walmart's constitutional right to the freedom of speech.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (PREEMPTION)

16. Plaintiff's claims are barred, in whole or in part, to the extent they are preempted by federal law.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (COMPLIANCE)

17. Plaintiff's claims are barred, in whole or in part, because at all relevant times Walmart fully complied with the law.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (ABSTENTION)

18. Plaintiff's claims are barred, in whole or in part, by the doctrine of abstention.

### NINETEENTH AFFIRMATIVE DEFENSE
### (RIGHT TO ASSERT ADDITIONAL DEFENSES)

19. Walmart reserves the right to assert additional affirmative defenses at

such time and to such extent as warranted by discovery and the factual developments in this case.

## PRAYER FOR RELIEF

WHEREFORE, Walmart prays as follows:

1. That Plaintiff take nothing by virtue of the FAC and that this action be dismissed in its entirety;

2. For judgment in Walmart's favor;

3. For costs of suit and attorneys' fees herein incurred to the maximum extent permitted by law; and

4. For such other and further relief as this Court may deem just and proper.

Dated: March 9, 2020    JONES DAY

By: */s/ Edward S. Chang*
    Edward S. Chang

Attorneys for Defendant
Walmart Inc.