Edward S. Chang (State Bar No. 241682)
Justin Potesta (State Bar No. 314133)
JONES DAY
3161 Michelson Drive
Suite 800
Irvine, CA  92612.4408
Telephone: +1.949.851.3939
Facsimile:  +1.949.553.7539
echang@jonesday.com
jpotesta@jonesday.com

Attorneys for Defendant
WALMART INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOFIA MAYNEZ, an individual, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>WALMART, INC., a Delaware Corporation; and DOES 1-50, inclusive,<br><br>    Defendant. | Case No. 2:20-cv-00023-DSF-JPR<br><br>Hon. Dale S. Fischer<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT WALMART INC.'S MOTION TO COMPEL ARBITRATION**<br><br>Date: July 13, 2020<br>Time: 1:30 p.m.<br>Courtroom: 7D |

Under Federal Rule of Evidence 201, Defendant Walmart Inc. respectfully requests that the Court take judicial notice of the following publicly available information that is not subject to reasonable dispute:

1. That Walmart Inc. is a multinational retail corporation, as reflected in the "About Us" page of Walmart's website, available at https://corporate.walmart.com/our-story.

2. That Walmart advertises and sells various products through the Walmart mobile application, which is available for download at https://help.walmart.com/article/walmart-mobile-application/f3ddbb8aadf145d4a38a1eb07b20c069.

Federal Rule of Evidence 201 permits the Court to take judicial notice of "a fact that is not subject to reasonable dispute because it . . . is generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Put differently, the Court may take judicial notice of undisputed matters of public record or facts that are put out to the public. *Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001).

The discrete facts listed above meet these standards. There can be no dispute that Walmart is a multinational retail corporation and that it advertises and sells various products through its mobile application. Indeed, Plaintiff cannot reasonably dispute these facts given the nature of her allegations. Plaintiff's First Amended Complaint relies on all of these facts to allege her claims. (*See* First Amended Complaint, ECF No. 14 at ¶ 1 (discussing Plaintiff's use of "the e-commerce app of WALMART, INC."); ¶ 2 (alleging that "WALMART is a multinational corporation that operates a chain of hypermarkets, discount department stores, grocery store chance, and e-commerce websites, selling goods to consumers throughout the country"). While Plaintiff's allegations are generally presumed to be true for purposes of pleading (and pleading challenges), these allegations are not evidence. Accordingly, the facts listed above are properly the subject of judicial notice in

support of Walmart's motion to compel arbitration.

Dated: May 15, 2020                              JONES DAY

                                                 By: */s/ Edward S. Chang*
                                                     Edward S. Chang

                                                 Attorneys for Defendant
                                                 Walmart Inc.