Edward S. Chang (State Bar No. 241682)
Justin Potesta (State Bar No. 314133)
JONES DAY
3161 Michelson Drive
Suite 800
Irvine, CA  92612.4408
Telephone: +1.949.851.3939
Facsimile:  +1.949.553.7539
echang@jonesday.com
jpotesta@jonesday.com

Attorneys for Defendant
WALMART INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOFIA MAYNEZ, an individual, on behalf of herself and all others similarly situated,<br><br>          Plaintiff,<br><br>    v.<br><br>WALMART, INC., a Delaware Corporation; and DOES 1-50, inclusive,<br><br>          Defendant. | Case No. 2:20-cv-00023-DSF-JPR<br><br>Hon. Dale S. Fischer<br><br>**DECLARATION OF EDWARD S. CHANG IN SUPPORT OF DEFENDANT WALMART INC.'S MOTION TO COMPEL ARBITRATION**<br><br>Date: July 13, 2020<br>Time: 1:30 p.m.<br>Courtroom: 7D |

# DECLARATION

I, Edward S. Chang, hereby declare as follows:

1. I am a partner at Jones Day, counsel for Defendant Walmart Inc. in this matter. I make this Declaration in support Walmart's concurrently filed Motion to Compel Arbitration and Stay Action Pending Arbitration. The facts set forth in this Declaration are of my own personal knowledge, and if called as a witness, I could and would testify competently as to their truth.

2. On January 10 and 30, 2020, I spoke with Plaintiff's counsel on the phone and explained the legal and factual basis for Walmart's motion to compel arbitration in an attempt to potentially avoid unnecessary motion practice. Plaintiff's counsel stated that Plaintiff would not agree to arbitrate this case, given that Plaintiff's counsel believed that Plaintiff's claims sought public injunctive relief and therefore were not arbitrable. Plaintiff's counsel also told me that he would voluntarily amend the complaint in response to Walmart's prospective motion to compel arbitration. (*See* ECF No. 12 at 1 (explaining that "pursuant to Local Rule 7-3, counsel for the parties have conferred regarding a motion to compel individual arbitration" and noting that "Plaintiff has indicated that she seeks to file an amended complaint which she believes could narrow the issues on any motion to compel arbitration Walmart intends to file").)

3. Plaintiff filed her first amended complaint (FAC) on February 7, 2020. (*See* ECF No. 14.)

4. I have communicated with Plaintiff's counsel on multiple occasions, including via e-mail, regarding Walmart's prospective motion to compel arbitration in response to the FAC. On March 3, 2020, I emailed Plaintiff's counsel, again explaining that Walmart intended to file a motion to compel individual arbitration and requesting that Plaintiff voluntarily submit to arbitration. After discussing my request further with Plaintiff's counsel via telephone, Plaintiff's counsel stated that Plaintiff would not voluntarily submit this case to arbitration, requiring Walmart to

- 1 -

1 file this motion.

2     I declare under penalty of perjury that the foregoing is true and correct. This
3 declaration was executed on May 15, 2020 in Irvine, California.

*/s/ Edward S. Chang*
Edward S. Chang