Edward S. Chang (State Bar No. 241682)
Justin Potesta (State Bar No. 314133)
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA  92612.4408
Telephone: +1.949.851.3939
Facsimile:  +1.949.553.7539
echang@jonesday.com
jpotesta@jonesday.com

Attorneys for Defendant
WALMART INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOFIA MAYNEZ, an individual, on behalf of herself and all others similarly situated, | Case No. 2:20-cv-00023-DSF-JPR |
| | Hon. Dale S. Fischer |
| Plaintiff, | |
| v. | **WALMART'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION TO COMPEL ARBITRATION AND STAY ACTION PENDING ARBITRATION** |
| WALMART, INC., a Delaware Corporation; and DOES 1-50, inclusive, | |
| Defendant. | |

1    Walmart Inc. submits this supplemental brief in support of its motion to
2  compel arbitration and in response to the Court's Order re Supplemental Briefing.
3  (ECF No. 33.)

4                              **INTRODUCTION**

5    As demonstrated in Walmart's motion and reply, Plaintiff and Walmart
6  entered into a binding agreement to arbitrate bilateral disputes on an individual, non-
7  class basis.  Moreover, nothing in Walmart's  Terms of Use forecloses Plaintiff from
8  pursuing public injunctive relief "in any forum." *McGill v. Citibank*, 2 Cal. 5th 945,
9  952 (2017).  For the reasons below, Walmart's motion to compel should be granted.

10    *First*, the Supreme Court has repeatedly confirmed that arbitration agreements
11  materially the same as the one at issue here are valid and enforceable.  Indeed, since
12  *Concepcion*, lower courts have been uniformly directed to "enforce arbitration
13  agreements according to their terms—including terms providing for individualized
14  proceedings." *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1619 (2018) (emphasis
15  added).  An "individualized form of arbitration" is *exactly* what is "envisioned by the
16  FAA." *Lamps Plus Inc. v. Varela*, 139 S. Ct. 1407, 1416 (2019).  Thus, Plaintiff's
17  argument that the "individual" nature of the parties' arbitration agreement somehow
18  renders the agreement invalid under *McGill* is flawed.  Here, the parties' agreement
19  properly "specif[ied] the rules that would govern" the parties' "arbitration[],
20  indicating their intention to use individualized rather than class or collective
21  procedures." *Epic Sys. Corp.*, 138 S. Ct. at 1621. "[T]his much the Arbitration Act
22  seems to protect [] absolutely." *Id.* (citations omitted).

23    *Second*, the fact that the parties' arbitration agreement limits an arbitrator to
24  issuing injunctive relief "only to the extent necessary to provide relief warranted by
25  the individual claim before the arbitrator," is not a waiver of public injunctive relief
26  in "any" forum—it simply serves to reinforce the individual, non-class nature of the
27  prospective arbitration proceedings, and limits the breadth and scope of the remedy
28  an arbitrator may provide.  (ECF No. 21-6 at § 20.)

Accordingly, this Court should grant Walmart's motion to compel and order that the injunctive relief sought in Plaintiff's FAC be arbitrated. Alternatively, if this Court finds that the injunctive relief sought in the FAC is for general "public injunctive relief," or that the limit to the injunctive relief an arbitrator may provide runs afoul of *McGill* (it does not), then it should: (1) reform/sever that limitation provision pursuant to the parties' agreement, and (2) compel arbitration of the "remainder of plaintiff's action … including all questions of liability…." *See Dornaus v. Best Buy Co.*, No. 18-cv-04085-PJH, 2019 WL 632957, at *6 (N.D. Cal. Feb. 14, 2019); *see also* ECF No. 21-6 at § 22 ("If any provision of these Terms of Use is held to be unenforceable for any reason, such provision will be reformed only to the extent necessary to make it enforceable and the other terms of these Terms of Use will remain in full force and effect."). The Court can then "retain jurisdiction over the adjudication of plaintiff's request for public injunctive relief, should [Walmart] be found liable for the California statutory claims" in arbitration. *Id.*

## SPECIFIC RESPONSES TO THE COURT'S QUESTIONS

Below, Walmart addresses each of the Court's questions in turn.

> **Question 1: "**In the FAC, Plaintiff seeks 'an order enjoining Defendant from continuing to engage in the unlawful, unfair and fraudulent business practices [alleged in the FAC],'" specifically 'advertising lower prices for certain items on its WALMART app, and actually charging higher prices for the same items at the very store listed in the app for sale of such items.' FAC ¶¶ 29, 36, 39-40, 44-46. Does Walmart concede that the Arbitration Provision allows the arbitrator to issue such an order, in other words an order that would apply to all Walmart app users? Or is the arbitrator limited to fashioning injunctive relief that would somehow apply to Plaintiff alone?"

Walmart concedes that the Arbitration Provision allows the arbitrator to issue such an order—i.e., to issue an injunction requiring Walmart to correct the issues in the Walmart App alleged in Plaintiff's FAC.[1] Indeed, the arbitration agreement

---

[1] Walmart in no way concedes that Plaintiff has standing to maintain her claims, or that the claims are in any way meritorious.

expressly authorizes the arbitrator to issue such injunctive relief. (*See, e.g.*, ECF No. 21-6 at § 20 (authorizing the arbitrator "to award temporary, interim, or permanent injunctive relief").)   Moreover, whether Plaintiff seeks that injunctive relief individually, "privately," on behalf of a class/group of users of the Walmart App as she does in her FAC, or the general public (as she incorrectly posits), the outcome of such an injunction would be the same.

Put another way, the arbitrator is not limited to fashioning injunctive relief that would somehow apply solely to Plaintiff alone and <u>not</u> to other Walmart App users (if such a result is even possible based on the nature of Plaintiff's complaint), because, if Plaintiff's claims are legally and factually meritorious (they are not) and she obtains an injunction in arbitration, such an injunction would require Walmart to correct whatever software or programming issues created the alleged pricing discrepancy.   By the very nature of the relief Plaintiff seeks, and because Plaintiff is not the only customer who uses the Walmart App, any such change would in-fact affect other individual users' experience in the App.   Such relief would also not run afoul of the term within the arbitration agreement limiting the arbitrator to issuing an injunction "only to the extent necessary to provide relief warranted by the individual claim before the arbitrator," because the byproduct of that injunction would be to the benefit of other Walmart App users.

Nothing else in Walmart's Terms of Use dictates a different result.   As set forth in the arbitration provision, Plaintiff agreed, as a procedural matter, that she would seek the injunction alone in a bilateral setting, not as part of a multi-party (*i.e.*, class) action. (ECF No. 21-6 at § 20 (reflecting the parties' agreement "THAT ANY ARBITRATION WILL TAKE PLACE ON AN INDIVIDUAL BASIS; CLASS ARBITRATIONS AND CLASS ACTIONS ARE NOT PERMITTED AND YOU ARE AGREEING TO GIVE UP THE ABILITY TO PARTICIPATE IN A CLASS ACTION").) This procedural agreement does not implicate *McGill*'s substantive concerns of waiving the right to seek public injunctive relief in any forum.   *See Blair*

*v. Rent-A-Ctr., Inc.*, 928 F.3d 819, 829 (9th Cir. 2019) ("Nothing in the *McGill* rule requires a 'switch from bilateral . . . arbitration' to a multi-party action."). The arbitration agreement merely limits the scope of the relief an arbitrator may grant (i.e., non-class relief or relief limited to what is required to resolve Plaintiff's individual claim), and does not serve to waive any of Plaintiff's substantive rights. Accordingly, Plaintiff's injunctive relief claims should be arbitrated.

> **Question 2**: "Walmart stresses that the Arbitration Provision 'do[es] not substantively waive [Plaintiff's] right to pursue public injunctive relief in 'any forum.'' Reply at 10 (emphasis added). Under the Arbitration Provision, where may Plaintiff pursue her claim for the injunctive relief sought in the FAC – in arbitration, in this Court, or in some other forum? In answering this question, Walmart should assume that the injunctive relief sought is public injunctive relief."

As discussed above, Plaintiff may pursue her claim for injunctive relief in arbitration. However, if the injunctive relief sought in the complaint is in fact for general "public injunctive relief" (as this Court has asked Walmart to assume for purposes of this question), then such a public injunctive relief remedy may be pursued in a court of law. That's because the parties' narrow arbitration agreement does not permit an arbitrator to award general or amorphous "public injunctive relief" based on the plain terms of the agreement (as discussed in further detail below). However, as noted above, if Plaintiff were successful in either arbitration or court, the result would be the same: an injunction curing the discrepancies that supposedly exist in the Walmart App that caused the alleged pricing errors.

Plaintiff's assertion that her agreement to "individual" arbitration results in a loss of some essential right (e.g., her ability to seek public injunctive relief) confuses form with substance. As the Supreme Court has made clear, Plaintiff does not have an inviolable right to seek relief in arbitration on a class basis or on matters not within the scope of the parties' agreement. *See AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344-45 (2011) (explaining that "parties may agree to limit the issues subject to arbitration, . . . to arbitrate according to specific rules, . . . and to limit *with whom*

a party will arbitrate its disputes" (emphasis in original)).  Instead, parties are free to design an "efficient, streamlined procedure[]" to resolve their disputes, given the "informality of arbitral proceedings … reducing the cost and increasing the speed of dispute resolution," including by applying limits to the arbitrator's powers.  *Id.*

Where, as here, the chosen "form[] of arbitration" does not "compel claimants to forfeit certain *substantive* statutory rights,"—*i.e.*, the right to pursue an injunction ordering Walmart to correct issues within its App—*McGill* has no effect. *McGill*, 2 Cal. 5th at 962-63 (quoting *Armendariz v. Foundation Health Psychare Servs., Inc.*, 24 Cal. 4th 83, 99-100 (2000)).  Because the Arbitration Provision has no effect on Plaintiff's substantive statutory rights to seek the relief she claims she is entitled to in her FAC (or public injunctive relief, a remedy that may be provided by this Court if Plaintiff's claims have merit), the agreement remains valid and enforceable.

> **Question 3**: "The Arbitration Provision limits the arbitrator to awarding relief 'only to the extent necessary to provide relief warranted by the individual claim before the arbitrator.' Terms of Use § 20. The California Supreme Court has explained that claims under the UCL and other consumer protection statutes may be asserted as individual claims seeking public injunctive relief. *McGill*, 2 Cal. 5th at 959. Does Walmart concede that the 'relief warranted by [Plaintiff's] individual claim' includes the injunctive relief sought in the FAC? In answering this question, Walmart should assume that the injunctive relief sought is public injunctive relief."

As explained above, Walmart believes that Plaintiff may pursue the requested injunctive relief in arbitration. However, for purposes of the Court's question, if Walmart is to assume that the relief sought in Plaintiff's claim is in-fact "public injunctive relief," then that remedy may be sought in a court of law.

Importantly, the parties' agreement to limit the arbitration to "individual claim[s]" is entirely consistent with the "individualized form of arbitration envisioned by the FAA." *Lamps Plus*, 139 S. Ct. at 1416. And the Arbitration Provision here does not prohibit the arbitrator from issuing an injunction that would potentially affect consumers beyond Plaintiff, as such relief would be coextensive

1  with awarding relief "only to the extent necessary to provide relief warranted by the
2  individual claim before the arbitrator."  (ECF No. 21-6 at § 20.)

3      However, because the provision limits the arbitrator's authority to issue an
4  injunction broader than necessary to provide the relief warranted by Plaintiff's
5  individual claim, the arbitrator is precluded from issuing a broad or amorphous public
6  injunction that could theoretically affect members of the general public <u>not</u> within
7  Plaintiff's alleged putative class (e.g., issuing a broad injunction against Walmart to
8  close its brick-and-mortar stores).   A request for some form of general public
9  injunctive relief would have to remain in this Court based on the scope of the parties'
10  arbitration agreement and the relief the arbitrator is authorized to provide by contract.

11      This is precisely why this case does not require the same result the Ninth
12  Circuit reached in *Blair*.  There, the relevant arbitration provision completely waived
13  Plaintiff's right to recover "relief that would ***affect*** . . . account holder[s] other than"
14  the plaintiff in any forum, amounting to a complete waiver of the plaintiff's ability
15  to seek public injunctive relief. *See Blair*, 928 F.3d at 823 (emphasis added).  The
16  Arbitration Provision here contains no such waiver language precluding the arbitrator
17  from granting relief that may "affect" other account holders (incidentally or
18  otherwise).  Moreover, the Terms of Use here also contain a more generic and flexible
19  reformation/severance clause, unlike the one present in *Blair*, which provides this
20  Court latitude to permit the public injunctive relief remedy to be sought in Court
21  pending arbitration to the extent any of the agreement's provisions violate *McGill*
22  (which they do not). *Dornaus*, 2019 WL 632957 at *6; (ECF No. 21-6 at § 22.)

23      With that said, and as explained in its motion and reply, (ECF Nos. 21, 31),
24  Walmart respectfully disagrees with the assumption that Plaintiff seeks public
25  injunctive relief at all.  *See McGill*, 2 Cal. 5th at 960 (rejecting the notion that public
26  injunctive relief may be sought through a class action since "class certification
27  requires 'the existence of both an ascertainable class and a well-defined community
28  of interest among the class members'" and "'the general public' . . . fails to meet this

requirement" (citations and quotation marks omitted)). Indeed, Plaintiff filed this case on behalf of a putative class of those similarly situated to her—she has not brought a solely <u>individual</u> dispute.  That discrete group of putative class members consists of *only* Walmart App users, an identifiable putative class of consumers who voluntarily entered into a relationship with Walmart by downloading and using the Walmart App.  This is precisely what multiple courts have found is not seeking public injunctive relief on behalf of the general public.  *See, e.g., Wright v. Sirius XM Radio Inc.*, No. 16-cv-01688-JVS-JCGx, 2017 WL 4676580, at *9 (C.D. Cal. June 1, 2017) (concluding that the plaintiff sought private, rather than public, injunctive relief where the plaintiff generally sought an order on behalf of a class "enjoining Defendant from committing such unlawful, unfair, and fraudulent business practices"); *Johnson v. JP Morgan Chase Bank, N.A.*, No. 17-cv-2477-JGB-SPx, 2018 WL 4726042, at *6 (C.D. Cal. Sept. 18, 2018) (citations omitted).

However, as explained above, to the extent the Court concludes that Plaintiff's FAC seeks general or amorphous public injunctive relief (beyond an injunction order requiring Walmart to remediate its App), that relief must be sought in court because the parties did not intend for an arbitrator to have the power to issue broad injunctions beyond what is "necessary to provide relief warranted by the individual claim before the arbitrator." (ECF No. 21-6 at § 20.)  "[N]either silence nor ambiguity provides a sufficient basis for concluding that parties to an arbitration agreement agreed to undermine the central benefits of arbitration itself"—which includes streamlining issues of proof and procedures in arbitration, and determining as a matter of consent the bounds of the arbitrator's powers. *Lamps Plus*, 139 S. Ct. at 1407.  This is all the more true given the "limited judicial review" available with regard to arbitration orders and awards. *Id.* at 1416; *see also Concepcion*, 563 U.S. 333 at 348.

Thus, consistent with the parties' agreement, and to the extent this Court finds that Plaintiff seeks general public injunctive relief in her FAC *or* the limitation provision(s) violates *McGill*: "the remainder of plaintiff's action must be compelled

1    to arbitration under the terms of the Agreement—including all questions of liability,"

2    which would require the underlying merits of Plaintiff's dispute to be decided by an

3    arbitrator, including adjudication of all other relief sought in Plaintiff's Prayer for

4    Relief. *See Dornaus*, No. 18-cv-04085-PJH, 2019 WL 632957, at *6 (N.D. Cal. Feb.

5    14, 2019); *see also* ECF No. 21-6 at § 22 (permitting the Court to reform/sever

6    unenforceable provisions to the extent necessary to make them enforceable, such as

7    to provide that a general public injunctive remedy may be awarded by a Court if the

8    Plaintiff prevails at arbitration).  The Court should thus "retain jurisdiction over the

9    adjudication of plaintiff's request for public injunctive relief, should defendant be

10   found liable for the California statutory claims" (to the extent they "are brought on

11   behalf of the public and for which public injunctive relief may be available"). *Id.*

12                                  *       *       *

13        Plaintiff unequivocally agreed to arbitrate this dispute on an individual, non-

14   class basis. That agreement does not prevent Plaintiff from seeking the relief she

15   seeks in her FAC in arbitration—an order requiring Walmart to remedy the alleged

16   discrepancies in its App.   Accordingly, the Court should compel arbitration.

17   However, if this Court determines that Plaintiff's FAC seeks general public

18   injunctive relief, or the provision limiting the arbitrator's powers runs afoul of

19   *McGill*, then it should reform/sever that limitation provision pursuant to the parties'

20   agreement; compel arbitration of the remainder of plaintiff's action (including all

21   questions of liability); and retain jurisdiction over the request for public injunctive

22   relief pending the results of the individual arbitration.

23   Dated: July 31, 2020                    JONES DAY

24

25                                           By: */s/ Edward S. Chang*
                                             Edward S. Chang

26                                           Attorneys for Defendant
                                             WALMART INC.
27

28